UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE PINCKNEY-STOVALL,

                                                CASE NO. 2:16-cv-13853
          Plaintiff,             HON. GERSHWIN A. DRAIN

v.


COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____/

**ORDER REJECTING REPORT AND RECOMMENDATION IN PART [#13],DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#12],GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#9] AND REMANDING ACTION**

### I. INTRODUCTION

Presently before the Court is Magistrate Judge Patricia T. Morris's Report and Recommendation, dated July 31, 2017. In her Report and Recommendation, Magistrate Judge Morris recommends that Plaintiff's Motion for Summary Judgment be denied, and the Commissioner's Motion for Summary Judgment be granted because the reopening of her 2007 disabled adult child benefits ("DAC") claim was untimely and could not be reopened.

Alternatively, Magistrate Judge Morris recommends that if the case is considered on the merits, Plaintiff's Motion for Summary Judgment should be

1

granted, the Commissioner's Motion for Summary Judgment should be denied, and the case should be remanded under sentence four of §405(g) for the ALJ to comply with SSR 83-20.

On August 14, 2017, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. On August 22, 2017, the Commissioner filed a response to Plaintiff's objection. For the reasons set forth below, the Court REJECTS IN PART Magistrate Judge Morris's Report and Recommendation, DENIES Defendant's Motion for Summary Judgment, GRANTS Plaintiff's Motion for Summary Judgment and REMANDS this matter to the Administrative Law Judge ("ALJ") for further proceedings consistent with this Order.

## II. PROCEDURAL AND FACTUAL HISTORY

Plaintiff previously filed an application for Supplemental Security Income (SSI) and was found disabled in a decision dated November 21, 2002. On September 28, 2007, she filed for DAC benefits ("2007 denial") – alleging a continuing disability with an onset date before she attained the age of twenty-two - was denied them, and was advised that she could request a hearing if she disagreed; no appeal followed.

On November 18, 2010, Plaintiff filed a renewed DAC application alleging disability since December 5, 1991. The Commissioner denied her claim, and she requested a hearing before an ALJ, but withdrew her request on May 26, 2011.

The ALJ, in turn, dismissed the hearing request on June 6, 2011. Thereafter, Plaintiff hired Jarvis Williams to represent her in the matter, and on June 20, 2013, she requested review of the ALJ's dismissal of her hearing request. The Appeals Council granted her request and vacated the June 6, 2011 dismissal order, remanding the case. The reasoning for this remand rested on the nature of her withdrawal request, namely whether she understood the appeals process due to her alleged mental impairments that interfered with her comprehension. In its remand order, the Appeals Council noted that Plaintiff currently was receiving SSI benefits due to borderline intellectual functioning. The remand rested on this narrow ground, and the Appeals Council did not discuss any purported *res judicata* effect of the 2007 denial.

After a hearing and collecting additional evidence, the ALJ issued a written decision finding no ground for reopening Plaintiff's 2007 DAC denial and that there was "an issue of *res judicata*." Because the Appeals Council instructed a hearing be held, he addressed the evidence and found that it would not have entitled Plaintiff to DAC benefits. On September 13, 2016, the Appeals Council denied review, and Plaintiff filed the instant action.

## III. ANALYSIS

### A. Standards of Review

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The district court may affirm, modify or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Under § 405(g), the courts have limited power regarding the Commissioner's decision, "the findings of the commissioner of social security as to any fact if supported by substantial evidence, shall be conclusive." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1976).

### B. Objection

Plaintiff objects to the Magistrate Judge's conclusion that the Commissioner properly denied reopening her 2007 DAC application. Plaintiff argues that "by

4

filing a new application" in 2010, she has "implied that she would like her prior application reopened." In the instant case, the ALJ considered reopening her 2007 DAC application impermissible as more than four years had passed between the September 28, 2007 denial and the ALJ's July 16, 2015 written decision. This Court agrees with Plaintiff and rejects the Magistrate Judge's findings with respect to her conclusion that the reopening of the 2007 decision was untimely. The Court also rejects the Magistrate Judge's finding that a *de facto* or constructive reopening did not occur.

Similar to *Hennings v. Heckler*, the ALJ misinterpreted §404.988(b) in denying the reopening of the 2007 decision. 601 F.Supp. 919 (N.D. Ill. Jan. 31, 1985). Although the ALJ correctly found that more than four years had passed between the 2007 denial and his 2015 decision, Plaintiff's request to reopen was timely. The *Hennings* court argued that "what §404.988(b) requires is that the request to reopen the decision be *filed* '[w]ithin four years of the date of the notice of the initial determination,' not that the Secretary reopen the decision (assuming that she decides to do so) within four years of that date." *Id.* at 925. The *Hennings* court held that where a social security disability claimant filed her second application well within four years of the date of notice of initial determination, the claimant's request for reopening was timely, notwithstanding that the administrative law judge considered the case after the end of the four-year period.

*Id.* In this case, Plaintiff filed a renewed DAC application on November 18, 2010 alleging disability since December 5, 1991. Three years had passed between her original application denial in 2007 and her renewed application filed in 2010, thus reopening was not barred by the four-year regulatory requirement between reopening DAC claims. 20 C.F.R. §404.988, 416.14800; *see also King v. Chater*, 90 F.3d 323 (8th Cir. 1996).

Since only three years passed between the 2007 application and the renewed application in 2010, the ALJ did not properly determine that there was an issue of *res judicata* based on untimeliness, and therefore the Court has the power to review his decision not to reopen a case in order "to determine whether *res judicata* [was] properly applied to bar the pending claim." *Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999). This Court therefore finds that Plaintiff filed the request to renew DAC benefits within four years of the date of the notice of the initial determination, and therefore rejects the Commissioner's argument that the ALJ was powerless to reopen the claim.

A determination or decision may be reopened for "good cause" if the reopening occurs within four years of a disability insurance benefits claim. 20 C.F.R. §§ 404.988, 416.1488. While it is not judicially reviewable to determine whether the ALJ had "good cause" for reopening the case, it is within the Court's discretion to look at the administrative record to determine whether the denied

claim was formally or by legal implication reopened. *Califano v Sanders*, 430 U.S. 99, 108-09 (1977); *see also Coup v. Heckler*, 834 F.2d 313, 317 (3d Cir. 1987).

Implicit reopenings occur where the ALJ crafts a decision that appears to "readjudicat[e] part of the period already adjudicated by the first decision" rather than "adjudicate only the subsequent period." *Gay,* 520 F. App'x at 358 (6th Cir. 2013). If both claims were the same, jurisdiction to review the decision of the ALJ "exists only if the original claim was administratively reopened by reconsidering it to some extent on the merits." *Coup*, 834 F.2d at 66 (3d Cir. 1987). Such a reopening occurs where the ALJ reviews the entire record, including portions from the already adjudicated period, and decides the "merits of the claim." *Tobak*, 195 F.3d at 186 (3d Cir. 1999).

The Court finds that there was an implicit reopening that occurred here. The Tenth Circuit has held a *de facto* reopening where an ALJ conducted a full-scale hearing with a substantial number of exhibits received, and where the ALJ conducted a new hearing, considered all of the evidence and a formal decision was rendered. *Taylor for Peck v. Heckler*, 738 F.2d 112, 1114-15 (10th Cir. 1984). Here, the ALJ evaluated not only the evidence that was already in the record but also acquired additional evidence at the hearing that occurred on August 27, 2014.

Some of the evidence the ALJ considered was relevant and prior to Plaintiff's DAC application in 2007. For example, he reviewed 1999 evaluations

7

that were presented as evidence in her previous SSI benefits record. The ALJ also described his thorough review of the records created prior to Plaintiff obtaining age 22 in his written decision. Thus, the ALJ considered evidence that was relevant to Plaintiff's 2007 application and supported his decision by weighing the full range of medical evidence that was in the record. *See Kazer v. Massanari*, 40 F. App'x 686 (3d Cir. 2002) (holding that because the claimaint's second application was filed on September 6, 1995, and the ALJ considered evidence of claimant's back injuries in 1992 and 1993, such consideration is consistent with reconsidering claimant's first application filed in 1993).

By reconsidering evidence from Plaintiff's prior application, the ALJ adjudicated part of the period already adjudicated by the first decision. Although several circuits have pointed out that an ALJ's review of old evidence does not necessarily signify a constructive reopening, this Court sides with the Tenth Circuit that where a claimant's testimony and a Vocational Expert's testimony is taken, exhibits are received, and a formal decision is rendered only after a thorough review of all the evidence of record, there is a constructive reopening. *See Heckler,* 738 F.2d at 1114-15 (10th Cir. 1984); *McGowen v. Harris,* 666 F.2d 60, 66-68 (4th Cir. 1981)(refusing to treat the actions of the Secretary in that case as a reopening of claim on the merits because the secretary gave no indication that it was reviewing the entire series of claims); *see also Wilson v. Califano*, 580 F.2d 208

(6th Cir. 1987) (holding that where an ALJ has reviewed a claimant's second application … and ruled on the merits of the claim when he could have applied *res judicata* to bar the entire claim, the Secretary effectively reopened the original claim for reconsideration).

Lastly, the Court agrees with the Magistrate Judge and Plaintiff that if the case is considered on the merits, the case should be remanded for the ALJ to determine the onset date of Plaintiff's disability. *See Houston v. Comm'r of Soc. Sec.*, No. 10-CV-14831, 2011 U.S. Dist. LEXIS 143414, at *11 (E.D. Mich. Sept. 20, 2011). The Court further agrees with the Magistrate Judge that the ALJ should have called on a medical advisor during her supplemental hearing to clarify the ambiguity regarding the date of onset, as is required under SSR 83-20. *Plumley v. Astrue*, No. 2:09-CV-422, 2010 U.S. Dist. LEXIS 11296, at *5 (D. Vt. Feb 9, 2010) (citing SSR 83-20, 1983 SSR LEXIS 25). In the Sixth Circuit, an ALJ holds "an affirmative duty to develop the factual record upon which his decision rests," and therefore, the case should be remanded to obtain a more complete record. *Martin v. Comm'r of Soc. Sec.*, no. 12-14773, 2014 U.S. Dist. LEXIS 35189, at *17 (E.D. Mich. Mar. 18, 2014).

## IV. CONCLUSION

Accordingly, the Court hereby REJECTS IN PART Magistrate Judge Patricia T. Morris's July 31, 2017 Report and Recommendation [#13], GRANTS

Plaintiff's Motion for Summary Judgment [#9], and DENIES Defendant's Motion for Summary Judgment [#12].

This matter is remanded for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. 405(g).

SO ORDERED.

Dated: September 21, 2018     /s/Gershwin A. Drain
                              GERSHWIN A. DRAIN
                              United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 21, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk